UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LAMON OWENS,                               )
                                          )
                Plaintiff,                 )
                                          )
        v.                                 )    No. 1:26-cv-01087-JRO-TAB
                                          )
PENDLETON CORRECTIONAL FACILITY,           )
                                          )
                Defendant.                 )

**Order Dismissing Complaint and Opportunity to Show Cause**

Plaintiff Lamon Owens is a prisoner at Pendleton Correctional Facility ("Pendleton"). He filed this civil action against Pendleton on May 26, 2026. Because Plaintiff is a "prisoner," this Court must screen the complaint before service on Defendant. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Owens's factual allegations, summarized below, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Owens names one Defendant: Pendleton Correctional Facility. Dkt. 1 at 1.

Owens's complaint describes a loss of property he suffered at Pendleton. *Id.* at 2-3. Unspecified papers were confiscated, and this confiscation was subject to a conduct report and the disciplinary hearing board process. *Id.* at 3. Owens was found guilty of the allegations in the conduct report. *Id.* As a result, Owens lost his job and lost "good time" credit. *Id.* Thereafter, Owens alleged that the disciplinary process improperly weighed evidence. *Id.*

Owens seeks to bring charges related to "false reputation, loss of job, discomfort from loss, unprofessionalism with judgment, putting me at risk of STG charging." *Id.* at 3.

## III. DISMISSAL OF COMPLAINT

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, claims against Pendleton Correctional Facility are **DISMISSED** for failure to state a claim upon which relief can be granted because named

2

Defendant is a building, which is not a proper defendant to a lawsuit under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), cert. denied, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility*, No. 3:18CV18-PPS/MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

Even if Owens were to amend his complaint to identify the individuals who confiscated his property, wrote a conduct report, or found him guilty of a conduct violation, such claims as pled would be dismissed for failure to state a claim upon which relief can be granted.

Inmates do not have a constitutional right to avoid false disciplinary charges. *Lagerstrom v. Kingston*, 463 F.3d 621, 624-25 (7th Cir. 2006) (due process rights are not violated if a false conduct report is filed). Any impropriety with a conduct report and the investigation thereof would be properly addressed during the disciplinary proceedings where the due process mandates of *Wolff v. McDonnell*, 418 U.S. 539 (1974), control. "[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). "The hearing provided by [the prison disciplinary process], and the decision issued by it, accord[] [the plaintiff] all of the process that was due under the Constitution . . . ." *Id.*

Further, Owens cannot seek damages related to his disciplinary proceedings unless and until his sanctions have been reversed. *See Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019) (citing *Heck v. Humphrey*, 512 U.S.

477 (1994)). He can only obtain relief related to a loss of credit time in a proceeding under 28 U.S.C. § 2254 after exhausting administrative remedies related to the deprivation. *Id.*; *see also Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the terms of § 1983).

Moreover, prisoners do "not have a protected interest in prison employment." *Obriecht v. Raemisch*, 565 F. App'x 535, 539 (7th Cir. 2014) (citing *Hoskins v. Lenear*, 395 F.3d 372, 374–75 (7th Cir. 2005); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir.2000)).[1] Nor do prisoners have protected interests in remaining in or remaining eligible for vocational programs, educational programs, or programs that might allow them to earn credit toward release. *See Meisberger v. Cotton*, 181 F. App'x 599, 600–01 (7th Cir. 2006).

Lastly, deprivation or destruction of personal property is not a cognizable claim under 42 U.S. C. § 1983. Rather, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or

---

[1] A separate component of *DeWalt* was later abrogated, but this principle remains intact. *See Savory v. Cannon*, 947 F.3d 409, 422–23 (7th Cir. 2020) ("reaffirm[ing] DeWalt's basic holding" but disavowing language implying that "in all cases where habeas relief is unavailable, then section 1983 must provide an avenue of relief").

refuses to provide a suitable post deprivation remedy.").  Indiana's Tort Claims Act provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property.  *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). *Zinermon v. Burch* clarifies the following principle:

> [D]eprivation of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.

494 U.S. 113, 125-126 (1990) (emphasis in original) (internal citations omitted). Because Owens has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation.  *Glenn v. Vanihel*, 2022 WL 3043528, *2 (S.D. Ind. 2022)

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. CONCLUSION AND OPPORTUNITY TO SHOW CAUSE

Owens's complaint must be dismissed for each of the reasons set forth above.  Owens shall have **through September 10, 2026,** in which to show cause why Judgment consistent with this Order should not issue.  *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an

opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–55 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis."). If no amended complaint or response is filed, this action will be dismissed without further notice or opportunity to show cause.

Owens's "Motion to Respond to Order on Pending Motion to Proceed in Forma Pauperis Status and Evidence of Action," dkt. [21], is **DENIED**. Owens's prior motion to proceed *in forma pauperis* was granted, he has paid the initial partial filing fee, and the Court has issued a collection order for the remainder of the fee.

**SO ORDERED.**

Date: 8/13/20026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

LAMON OWENS
147739
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only